IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 03-cr-00179-WDM

UNITED STATES OF AMERICA,

v.

JAVIER MUNOZ-MARQUEZ, also known as
JAVIER MARQUEZ-MUNOZ,
JAVIER MARQUEZ,
JAVIER MUNOZ,
VALENTE CARRASCO-BAUTISTA,
VELENTE CARRASCO,
VALENTE BAUTISTA,
ALFONSO CORRAL, and
TAPETE,

    Defendant.

---

## ORDER DENYING MOTION

---

Defendant Javier Munoz-Marquez, also known as Javier Marquez-Munoz, Javier

Marquez, Javier Munoz, Valente Carrasco-Bautista, Velente Carrasco, Valente

Bautista, Alfonso Corral, and Tapete, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, correctional

facility.

On December 28, 2006, Mr. Munoz-Marquez submitted to and filed with the

Court *pro se* in the instant criminal case a motion titled "Motion for Execution of a

Sentence and or Motion for Concurrentcy [sic] Pursuant Under 28 U.S.C. § 2241." In

the motion, he asks the Court to return him to the federal correctional system so that he

may continue to serve his federal sentence.

The Court must construe the motion liberally because Mr. Munoz-Marquez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied without prejudice.

Mr. Munoz-Marquez filed a similar request with the Court on November 15, 2005. In an order filed on January 12, 2006, the Court noted as follows:

> On August 14, 2000, Mr. Munoz-Marquez pleaded guilty in the Jefferson County District Court to drug-related charges. He was not sentenced at that time. On November 9, 2004, he pleaded guilty in this Court to a drug-related offense. On February 3, 2005, this Court accepted Mr. Munoz-Marquez's plea and sentenced him to eighty-four months of imprisonment and to five years of supervised release. Judgment of conviction was entered on the docket on February 25, 2005.
>
> While he was serving his federal sentence, the state of Colorado removed Mr. Munoz-Marquez from federal custody for sentencing on April 8, 2005, in the Jefferson County District Court. He was sentenced to seven years of imprisonment in DOC custody, to be served concurrently with his federal sentence. Mr. Munoz-Marquez asks this Court to return him to federal custody so that he may continue serving his federal sentence.
>
> The claims Mr. Munoz-Marquez asserts in the motion are more appropriately addressed under 28 U.S.C. § 2241 (1994) because he is attacking "the execution of a sentence rather than its validity." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, the request that the Court return him to the federal correctional system to continue his federal sentence will be denied without prejudice. Mr. Munoz-Marquez may pursue his claims by filing a motion pursuant to 28 U.S.C. § 2241 in a separate action in this

2

> Court.  Although Mr. Munoz-Marquez filed a § 2241 motion
> in this action on January 9, 2006, the motion will be denied
> without prejudice.  Mr. Munoz-Marquez must initiate a
> § 2241 action separate from the instant criminal action.  The
> proper, Court-approved forms for filing a § 2241 motion are
> available from the clerk of the Court.

January 12, 2006, Order Denying Without Prejudice Defendant's Requested Return to Federal Correctional System, at 2-3.

By submitting yet another request in this criminal action for his return to federal custody to continue serving his federal sentence, Mr. Munoz-Marquez has failed to follow the directives in the January 12, 2006, order.  Therefore, the motion titled "Motion for Execution of a Sentence and or Motion for Concurrentcy [sic] Pursuant Under 28 U.S.C. § 2241" will be denied.  Accordingly, it is

ORDERED that Defendant Javier Munoz-Marquez's request that the Court return him to the federal correctional system to continue to serve his federal sentence, which he makes in a motion titled "Motion for Execution of a Sentence and or Motion for Concurrentcy [sic] Pursuant Under 28 U.S.C. § 2241," is denied without prejudice.

DATED at Denver, Colorado, this <u>19th</u> day of <u>January</u>, 2007.

BY THE COURT:

s/ Walker D. Miller

_____
WALKER D. MILLER
United States District Judge

3